JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPLETE INFUSION CARE, CIC, INC., ) | CASE NO.  CV 14-7882-R |
| ) | |
| Plaintiff, ) | ORDER DENYING AS MOOT |
| ) | DEFENDANTS' MOTION TO DISMISS |
| v. ) | AND REMANDING ACTION TO STATE |
| ) | COURT FOR LACK OF SUBJECT |
| UNITED HEALTHCARE INSURANCE ) | MATTER JURISDICTION |
| COMPANY, dba UNITED HEALTHCARE, ) | |
| UNITED HEALTHCARE SERVICES, INC., ) | |
| UHC OF CALIFORNIA f.k.a. PACIFICARE, ) | |
| and DOES 1 - 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants' Renewed Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which was filed on May 4, 2015.  Having been thoroughly briefed by both parties, this Court took the matter under submission on May 27, 2015.  For the reasons that follow, this Court DENIES Defendants' Motion to Dismiss as moot, and remands the action to state court for lack of subject matter jurisdiction.

Plaintiff filed its Complaint against United Healthcare Insurance Company in Los Angeles Superior Court on August 20, 2014.  United Healthcare Insurance Company removed the action to

this Court in October 2014 based on diversity of citizenship pursuant to Title 28 U.S.C. §§ 1441(b) and 1332. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties. 28 U.S.C. § 1332. Complete diversity is the requirement that all plaintiffs be of different citizenship than all defendants; any instance of common citizenship prevents diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011). If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c); *see also Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011).

Here, Plaintiff is a California corporation, and therefore a citizen of California for diversity purposes. Defendant UHC of California, f.k.a. PacifiCare is also a California corporation, and citizen of California. Because the common citizenship of Plaintiff and UHC of California, f.k.a. PacifiCare defeats jurisdiction, this Court lacks subject matter jurisdiction over the action, and therefore REMANDS the action to state court.

**IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Dismiss is DENIED as moot, and the case is REMANDED to state court for lack of subject matter jurisdiction. (Dkt. No. 21)

Dated: June 4, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE